COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


ANTONIO SHEPPARD WILLIAMS
                                    MEMORANDUM OPINION* BY
v.    Record No. 1930-00-1           JUDGE NELSON T. OVERTON
                                          JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Joseph A. Leafe, Judge

           Charles A. Johnson for appellant.

           H. Elizabeth Shaffer, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Antonio Sheppard Williams, appellant, was convicted of

distributing cocaine and possessing cocaine.  He appeals his

conviction for possessing cocaine and contends the court erred by

convicting him on this charge because the court failed to arraign

him on possession of cocaine.  For the following reasons, we

affirm appellant's conviction.

                              Facts

     Investigator Jermal Davis received a call from a concerned

citizen regarding drug sales occurring at a certain location.

Davis and other police officers went to that location.  After

observing appellant "strolling," or walking around looking for

--------------------------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

customers, Davis took off his police gear, recorded the serial numbers of his money, and attempted to make a controlled buy. Davis approached appellant, asked him for a "twenty" and gave him two ten-dollar bills. Appellant walked to the edge of a building and reached into a shrub, then returned with a pink baggie of cocaine, which he gave to Davis.

Davis left the area and advised the other officers that he had completed the buy. Davis gave the officers a detailed description of appellant. Based on that description, the officers went to the area and arrested appellant. When they handcuffed appellant, the police noticed that appellant had three pink baggies in his hand that contained .294 grams of cocaine. The police found $276 in appellant's pocket, which included the two ten-dollar bills Davis had used in the drug purchase.

Appellant was indicted for distributing cocaine and possessing cocaine. At the beginning of his trial, appellant told the court he wanted a new attorney and complained that his attorney was unprepared and had failed to consult with him. The court denied appellant's request. The court then arraigned appellant on the cocaine distribution indictment. During appellant's arraignment, appellant refused to answer the court's questions, answered in a non-responsive manner, and continually asked for a new attorney. Rather than enter a plea, appellant continued complaining about his attorney and claimed he was not

-

getting a fair trial.  After a lengthy exchange between the judge and appellant, the judge noted that appellant was "not being cooperative in the process because [he did not] want to go forward."  The court entered a plea of not guilty of cocaine distribution on appellant's behalf.  After this exchange was concluded, the transcript does not reflect that appellant was arraigned on the cocaine possession charge.  Appellant never objected to the alleged oversight.

During the trial, evidence was presented that supported the distribution and possession charges.  During closing arguments, the prosecutor and defense attorney referred to the additional drugs found in appellant's possession.  After the court found appellant guilty, the prosecutor sought to clarify that the court found appellant guilty of both possession and distribution.  The court said, "That is correct, both possession and distribution."

The conviction order entered on April 21, 2000 states that appellant was charged with distribution of cocaine (2nd offense) and possession of cocaine.  The order then states:

> Whereupon the defendant was arraigned and after none [sic] cooperation by the defendant, the Court entered pleas of <u>Not Guilty</u> to <u>Distribution of Cocaine (2nd offense), as charged in Indictment #1 and Possession of Cocaine, as charged in Indictment #2,</u> on behalf of defendant.

## Discussion

Although the trial transcript does not reflect that appellant was arraigned on the possession charge, the conviction order entered by the court indicates the contrary. "A court of record speaks only through its written orders." Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984). "Where a defendant does not object to the accuracy of an order within 21 days after its entry, an appellate court may 'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979)).

Appellant never challenged the validity of his conviction order. Therefore, we presume that appellant was arraigned on the possession charge, and his claim to the contrary is without merit.

In addition, appellant never objected to the court's alleged failure to arraign him, nor did appellant do anything to bring this matter to the court's attention. Appellant understood he was being tried on the possession charge as well as the distribution charge as evidenced by his own testimony denying that he had the baggies of cocaine in his hand when he was arrested by the police. During closing argument, appellant's attorney expressly argued that appellant was not

-

guilty of the possession charge.  Thereafter, the judge explicitly stated that he found appellant guilty of both distribution and possession.  Appellant did not object to that statement, and did not object to the conviction order that stated that he was arraigned on both charges.  Because appellant failed to state any objection to the alleged error, the trial court had no opportunity to resolve the issue.  Consequently, there is no trial court ruling for this Court to review.

Accordingly, Rule 5A:18 bars our consideration of this question on appeal, assuming that the alleged error occurred. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, appellant's conviction for possession of cocaine is affirmed.

<u>Affirmed.</u>

-